IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

LAWRENCE RUPERT SMITH,        )
                              )
          Petitioner,         )
                              )
v.                            )     CV 106-059
                              )
CYNTHIA NELSON, Warden,       )
                              )
          Respondent.         )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lawrence Rupert Smith, an inmate at Autry State Prison in Pelham, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is now before the Court on Respondent's motion to dismiss for lack of exhaustion. (Doc. no. 8). Petitioner opposes the motion. (Doc. no. 17). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**, that claim three in Petitioner's § 2254 petition be **DISMISSED** without prejudice, and that the remainder of Petitioner's § 2254 petition be allowed to proceed.

### I. BACKGROUND

In April 2003, Petitioner pled "guilty but mentally ill" to three counts of child molestation and two counts of aggravated child molestation. (Doc. no. 10, Ex. 4, Resp't Ex.

1). The Richmond County Superior Court subsequently sentenced Petitioner to 60 years' imprisonment.[1] (Id.). Petitioner did not appeal. (Doc. no. 1, p. 2; doc. no. 9, p. 2).

Thereafter, Petitioner filed a state habeas corpus petition, challenging his convictions. Following an evidentiary hearing, the state habeas court denied relief. (Doc. no. 10, Ex. 2). Petitioner then filed an application for a certificate of probable cause to appeal ("CPC") with the Georgia Supreme Court, which was later dismissed as untimely filed. (Id. at Ex. 3).

While Petitioner's first CPC application was pending in the Georgia Supreme Court, Petitioner filed a second state habeas corpus petition, challenging the same convictions. (Id. at Ex. 5). The state habeas court held an evidentiary hearing in January 2006, but the court has not yet issued a written order, as mandated by O.C.G.A. § 9-14-49.

In May 2006, Petitioner filed the instant § 2254 habeas petition. (Doc. no. 1). In his petition, Petitioner asserts the following claims: (1) his counsel was ineffective for (a) forcing him to sign a blank change-of-plea form without giving him time to decide whether to plead guilty, (b) not explaining the plea form or that two of the charges against Petitioner carried 30-year sentences and did not allow for parole, (c) not filing a sentencing recommendation or a motion to withdraw the plea despite Petitioner's asking counsel to do so, (d) not informing him of his post-conviction remedies or not filing any post-conviction motions, and (e) telling him that he could only answer the Judge's questions at the sentencing hearing and not permitting him to otherwise speak with the court; (2) he did not knowingly,

---

[1] The Court indicated that the Petitioner was to serve 40 years of incarceration and the remaining 20 years on probation. (Doc. no. 10, Ex. 4, Resp't Ex. 1).

2

intelligently, and voluntarily plead guilty;[2] (3) his rights under the Vienna Convention were violated by the arresting officer; and (4) the state habeas court violated his First, Sixth, and Fourteenth Amendment rights by "intimidating the Petitioner by bringing up his past history of abuse and avoiding the unconstitutional issues of his conviction and sentence" and not allowing him to fully state his claims for relief. (Doc. no. 1, pp. 4-16; doc. no. 4, pp. 6-7, 9-11). Respondent answered, denying the allegations in the petition. (Doc. no. 7).

Along with the answer, Respondent filed the instant motion to dismiss, arguing that the Court should dismiss Petitioner's § 2254 petition for lack of exhaustion, or in the alternative, hold the petition in abeyance to allow Petitioner to exhaust his state remedies as to one unexhausted claim. (Doc. nos. 8, 9). Specifically, Respondent claims that Petitioner failed to exhaust claim three. (Doc. no. 9, p. 3). Petitioner opposes the motion, claiming that there has been unreasonable and undue delay by the state habeas court in ruling on his second state habeas petition, in which he raises claim three of his current federal petition. (Doc. no. 17). Petitioner further asserts that if this Court determines that claim three has not been exhausted, then he wishes to withdraw this claim and proceed with his exhausted claims. (Id. at 5).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

---

[2] Petitioner raises this claim as two issues; however, Petitioner's actual claim is that he did not knowingly and voluntarily plead guilty, a claim for which he provides several supporting arguments.

corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA, however, preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. See Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

In addition, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of

his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies.").

Notably, however, a federal habeas court in rare circumstances may deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972) (*per curiam*). In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

When faced with a petition that contains unexhausted claims, the court must consider its available options under the AEDPA. First, the district court does not have the ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. See 28 U.S.C. § 2254(b)(3). Instead, a waiver can be found only if the state, through counsel, expressly waives the requirement. See id.

Next, the district courts have the discretion to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. See 28 U.S.C. § 2254(b)(2). In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Finally, if the district court finds that a petition is a mixed petition, in that it contains both exhausted and unexhausted claims, it has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies

---

[3] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

6

as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, because the stay and abeyance procedure has the potential to frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," the stay and abeyance procedure should only be used in limited circumstances. Id. at 277. If the district court determines that a stay and abeyance is not the appropriate avenue on which to proceed, the court also has the option of severing any unexhausted claims from the petition and proceeding with the exhausted claims, or to dismiss the entire petition as a mixed petition. Id. at 278.

In the case at bar, Petitioner has failed to exhaust his claim that his rights under the Vienna Convention were violated by the arresting officer (claim three). Although Petitioner raised this claim in his second state habeas petition, the state habeas court has not ruled on Petitioner's state petition, and that petition is still pending. Thus, Petitioner has failed to give "the state courts an opportunity to act on his claims before he present[ed] those claims to a federal court in a habeas petition," including allowing the state courts to complete the appellate review process for his claim. O'Sullivan, 526 U.S. at 842, 845; see also Pope, 358 F.3d at 853.

Although Petitioner asserts that this Court should disregard the exhaustion requirement and consider his claim because the state habeas court has exercised undue delay in ruling on his state habeas petition, the Court disagrees. Petitioner filed his second state

7

habeas petition in November 2005. The state habeas court held an evidentiary hearing on this petition in January 2006. When Respondent filed the motion to dismiss in July 2006, Respondent asserted that Petitioner's second state habeas petition remained pending in the state court. When Petitioner responded in September 2006, he also claimed that the state petition was still pending. To date, the parties have not updated the Court as to the status of Petitioner's state habeas petition; therefore, the Court presumes that it is still pending. Although the Court recognizes Petitioner's frustration that the wheels of justice may not always turn quickly, this is not a case where the state courts have allowed his post-conviction petitions for relief to lie completely dormant. Therefore, Petitioner's argument about the Vienna Convention raised in claim three should be deemed unexhausted.

In his response to Respondent's motion to dismiss, Petitioner indicates that if the Court determined that claim three was unexhausted, he wishes to withdraw this claim and proceed with his exhausted claims. Given that it is Petitioner's choice whether to voluntarily dismiss an unexhausted claim and proceed only on his exhausted claims or to return to the state court and exhaust the claim, see Rhines, 544 U.S. at 278, the Court finds no reason why Petitioner should not be allowed to voluntarily dismiss his unexhausted claim and proceed with his exhausted claims. Therefore, it is recommended that claim three be **DISMISSED** without prejudice.

### III.   CONCLUSION

In conclusion, the Court finds that Petitioner has failed to exhaust his available state remedies as to claim three of the instant federal habeas corpus petition regarding an alleged

violation of his rights under the Vienna Convention. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**, that claim three in Petitioner's § 2254 petition be **DISMISSED** without prejudice, and that the remainder of Petitioner's § 2254 petition be allowed to proceed. If the presiding District Judge adopts this recommendation as his own opinion, Respondent should have twenty (20) days from any such adoption order to brief her position as to Petitioner's remaining claims.

SO REPORTED AND RECOMMENDED this 12th day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE