IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LAWRENCE RUPERT SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 106-059 |
| | ) |
| THOMAS AMMONS, Warden, | ) |
| | ) |
| Respondent. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 42 & 43).

The Magistrate Judge recommended denial of the petition because Petitioner procedurally defaulted his asserted grounds for relief by failing to timely file an application for a Certificate of Probable Cause to appeal ("CPC") with the Supreme Court of Georgia, and Petitioner failed to show cause excusing his default. (Doc. no. 35). Petitioner objects to the Magistrate Judge's R&R because he submits that, due to the negligence of the Clerk of the Superior Court of Coffee County, his procedural default should be excused.[1] (Doc.

---

[1] In Petitioner's "Response to Defendant's Brief in Support of Answer-Response," he argued that his procedural default should be excused because his ability to comply with Georgia's procedural rules was impeded by receipt of the state habeas court's final order denying state habeas relief six days prior to the deadline for filing an application for a CPC and by the refusal of the Clerk of the Supreme Court of Georgia to file his request for an extension. (Doc. no. 31, pp. 4-6). Although Petitioner now concedes that the Clerk of the Supreme Court of Georgia was not the cause of his procedural default, he maintains that his procedural default should be excused because the Superior Court of Coffee County failed to timely send him the final order denying his state habeas petition. (Doc. no. 43, p. 6).

no. 42, p. 6; doc. no. 43, pp. 5-6). Specifically, Petitioner alleges that, although the final order denying his state habeas petition was entered on April 25, 2005, he did not receive it until May 19, 2005, three days after the Clerk of the Superior Court of Coffee County mailed it to him. (Doc. no. 42, p. 4; doc. no. 43, p. 5). Upon receipt of the final order, Petitioner contends that he requested access to the law library. (Doc. no. 43, p. 5). Petitioner was granted access to the law library, which was scheduled for "Monday, the 24th of May, 2005," the date that he allegedly prepared his notice of appeal and motion for an extension. (Id.). Petitioner maintains, however, that he could not secure indigent postage until May 31, 2005 because his counselor "was not working due to days off," and thus, his motion for an extension was not mailed until June 1, 2005.[2] (Id.). Petitioner states that, on June 18, 2005, he received a default notice from the Clerk of the Supreme Court of Georgia notifying him that his motion for extension was untimely. (Doc. no. 42, p. 5; doc. no. 43, pp. 5-6). Petitioner now submits that his procedural default should be excused because the Clerk of Superior Court of Coffee County failed to timely mail him the final order denying his state habeas petition. (Doc. no. 42, p. 5; doc. no. 43, p. 6).

Petitioner's objections are without merit as they do not alter the analysis set forth in the R&R. Assuming Petitioner received the final order denying his state habeas petition on Thursday, May 19, 2005, the Magistrate Judge correctly noted that Petitioner still had several

---

[2]The Court notes that, in "Petitioner's Objections to the Magistrate Judges's [R&R]," Petitioner stated that he prepared a motion for extension and notice of appeal, which he gave to his counselor on May 24, 2005 for mailing by indigent postage. (Doc. no. 42, p. 5). Petitioner further stated that, although his counselor signed the Indigent Postage Request Form on May 24, 2005, she did not give it to the mail room until June 1, 2005. (Id. at 6).

2

days to prepare and file an application for a CPC or motion for an extension.[3] As such, the Court is not persuaded that the alleged issues concerning access to the law library excuse Petitioner's procedural default.[4] Petitioner's averments concerning his counselor's role in his procedural default are equally unconvincing. Despite Petitioner's various contentions, it appears that he did not sign the "Request for Indigent Postage" Form utilized to mail his motion for an extension until May 31, 2005, several days after the deadline for filing a motion for an extension. (Doc. no. 43, p. 10). Furthermore, Petitioner's "Request for Indigent Postage" Form indicates that Petitioner improperly filed his motion for an extension

---

[3]The final order denying Petitioner's state habeas petition was not entered until April 25, 2005. (Doc. no. 10, Ex. C). As such, Petitioner had until Tuesday, May 24, 2005 to file an application for a CPC or motion for an extension. O.C.G.A. § 9-14-52 ("If an unsuccessful [habeas] petitioner desires to appeal, he must file a written application for a [CPC] with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief."); Head v. Thomason, 276 Ga. 426, 438 (2003) (explaining that appeals in state habeas corpus cases are governed by the Appellate Practice Act, O.C.G.A. § 5-6-30 et seq, which requires that requests for extensions of time for filing CPC applications be filed with the Supreme Court of Georgia before the expiration of the period for filing as originally prescribed or previously extended).

[4]In Petitioner's "Response to Defendant's Brief in Support of Answer-Response," Petitioner stated that he was unable to prepare his notice of appeal and request for extension of time until May 24, 2005 because "the weekend was at hand [and] the Coffee [Correctional Facility's] Law Library was closed and Petitioner could only attend once a week[,] which was on Fridays." (Doc. no. 31, p. 5). Now, Petitioner argues that, sometime after receiving the final order denying his state habeas petition on Thursday May 19, 2005, he requested access to the law library, which was granted and scheduled for "Monday, the 24th of May, 2005." (Doc. no. 43, p. 5). Petitioner admittedly had access to the law library every Friday, and thus, he should have had access to the law library on Friday, May 20, 2005. Furthermore, the Court notes that the Monday following Petitioner's receipt of the final order denying his state habeas petition was in fact May 23, 2005. As such, Petitioner twice had access to the law library prior to the deadline set for filing an application for a CPC or a motion for an extension of time.

3

with the Clerk of Coffee County Superior Court.[5] Ultimately, the Court concurs with the Magistrate Judge's determination that Petitioner has failed to demonstrate that some objective, external factor impeded his efforts to comply with Georgia's procedural rule such that his procedural default should be excused.

Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgement shall be **ENTERED** in favor of Respondent.

SO ORDERED this **17** day of December, 2007, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

---

[5]As previously discussed, Petitioner should have filed his request for an extension with the Supreme Court of Georgia. Notwithstanding the factual support for this determination discussed in the R&R, the "Request for Indigent Postage" Form submitted by Petitioner clearly indicates that the motion for extension was only mailed to the Clerk of the Superior Court of Coffee County. (Doc. no. 43, p. 10). Although Petitioner maintains that he "did in fact mail[] an extension of time to the Georgia Supreme Court" (doc. no. 42, p. 5; doc. no. 43, p. 2), Petitioner offers no explanation for why, on the portion of the form indicating the mail's destination, the Supreme Court of Georgia was crossed out and his initials were placed above that alteration (doc. no. 43, p. 10). As such, it appears that the Supreme Court of Georgia correctly determined that "[Petitioner's] notice of appeal was timely filed, but his application for [CPC] was not filed *in this Court* until June 15, 2005 . . . . Although the record . . . show[s] that the order was not sent to him until May 16, 2005, [Petitioner] did not file a request for extension of time *in this Court* . . . ." (Doc. no. 10, Ex. 3 (emphasis added)).

4